COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

CAROLYN V. FREEMAN

v.   Record No. 2479-97-4

FAIRFAX COUNTY SCHOOL BOARD

MEMORANDUM OPINION[*]
PER CURIAM
APRIL 14, 1998

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Carolyn V. Freeman, pro se, on brief).

No brief for appellee.


Carolyn V. Freeman ("claimant") appeals a decision of the Workers' Compensation Commission ("commission") suspending her compensation benefits effective September 25, 1996 and terminating payment of temporary total disability benefits effective December 31, 1996.  The commission held that (1) claimant unjustifiably refused to cooperate with vocational rehabilitation efforts instituted by Fairfax County School Board ("employer"); and (2) her current disability was not causally related to her compensable December 3, 1993 injury by accident.  Upon reviewing the record and opening brief, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

I.  Refusal of Vocational Rehabilitation

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission must be upheld by this Court if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In granting employer's application seeking to suspend claimant's compensation benefits, the commission found as follows:

> The Deputy Commissioner gave no weight to the claimant's testimony. She found [claimant] was not credible based on the claimant's demeanor. Although the Commission is not bound by the Deputy Commissioner's credibility determination, we do not arbitrarily disregard it. Where the Deputy Commissioner decides credibility based on specific observations of the witness' demeanor and appearance, the Commission can reverse that finding only if the substance of the evidence and testimony permits a different conclusion. The evidence does not require a contrary conclusion regarding claimant's credibility.
>
> We agree with the Deputy Commissioner's decision that the claimant refused vocational rehabilitation without justification. The employer provided many potential job contacts within the claimant's residual capacity but [claimant's] actions effectively sabotaged the job search effort. The claimant's failure to wear proper attire to job interviews, her presentation during those interviews, her incorrect responses when completing applications, and her actions regarding timely responses to potential employment opportunities evidence her lack of commitment.

As fact finder, the commission was entitled to accept the

testimony of the vocational rehabilitation consultant, Victoria Barber, regarding claimant's behavior during the job search efforts and to reject claimant's testimony to the contrary. The determination of a witness' credibility is within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). The commission's findings are amply supported by the medical records and Barber's testimony. Therefore, those findings are binding and conclusive on appeal.

## II. Disability/Causation

The medical records of claimant's treating orthopedic surgeon, Dr. Stephen M. Levin, reveal that claimant suffers from numerous medical problems. Dr. Levin opined that claimant's sacroiliac joint problem is the only condition caused by the compensable accident. In his February 4, 1997 deposition, Dr. Levin testified that the sacroiliac joint problem "was a treatable and manageable problem. And that was not the limiting factor for me to send her back to work." In fact, Dr. Levin testified that taking only the sacroiliac joint problem into consideration, he would release claimant to her pre-injury work.

Dr. Levin's medical records and testimony constitute credible evidence from which the commission could reasonably infer that claimant's current disability was not causally related to her compensable injury by accident. "Where reasonable inferences may be drawn from the evidence in support of the

3

commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For the reasons stated, we affirm the commission's decision.

Affirmed.